United States District Court
Southern District of Texas
**ENTERED**
February 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD ALI BAGHERZADEH REZAEI, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-00800 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| GABRIEL MARTINEZ, *et al*, Respondents. | § § § | |

**ORDER ON DISMISSAL**

Pending is a petition for a writ of *habeas corpus* by Petitioner Mohammad Ali Bagherzadeh Rezaei. Dkt 1. He is an Iranian national who entered the United States as a refugee in 1985 and obtained lawful permanent status in 1986. Id at ¶¶19–20. But Petitioner was later placed in removal proceedings following convictions for robbery, aggravated robbery, aggravated perjury, and drug possession. Id at ¶21.

An immigration judge ordered Petitioner removed to Iran on April 20, 1992. Ibid. And, after being released from criminal custody on March 3, 2003, he was transferred to the custody of the Department of Homeland Security. Id at ¶22. He remained in immigration custody until November 24, 2003, when he was released on an Order of Supervision "after DHS determined that his removal to Iran was not practicable." Id at ¶23.

Petitioner acknowledges that he isn't presently detained, but is instead at liberty pursuant an Order of Supervision. Id at ¶1. Even so, he alleges that he "faces a credible and imminent risk of arbitrary re-detention" because he is scheduled to appear for a routine check-in before ICE. Id at ¶¶2–3. Though Petitioner hasn't received

any notice indicating he will be detained, he anticipates he may be detained based on ICE's alleged new practice of detaining individuals subject to Orders of Supervision without advance notice. Id at ¶3.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is thus "subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief." *Montgomery v United States*, 2016 WL 592846, *5 (WD Tex).

Because the challenged detention was purely prospective, Petitioner was ordered to submit a filing to establish (i) whether Petitioner is "in custody" for purposes of inquiry on *habeas* jurisdiction, and (ii) whether this action is ripe. Dkt 4. His response establishes that jurisdiction is lacking. Dkt 5.

*As to whether Petitioner is in custody,* the "federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v Cook*, 490 US 488, 490 (1989), citing 28 USC §2241(c)(3) (emphasis in original). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." Ibid, citing *Carafas v LaVallee,* 391 US 234, 238 (1968) (emphasis added).

Petitioner contends that he's presently *in custody* because he is "subject to an active Order of Supervision requiring regular reporting to ICE, compliance with enumerated conditions, restrictions on his freedom of movement, and submission to ICE authority at designated times and places." Dkt 5 at 1–2. But Petitioner isn't by this action challenging his Order of Supervision. He instead seeks to challenge his (possible) future *physical detention*.

Given that he isn't presently subject to the detention he seeks to contest, he fails to satisfy the in-custody requirement.

*As to ripeness*, a *habeas* petition "cannot be used to seek relief for claims that are speculative or otherwise not ripe for review." *Sambuev v Andrews*, 2026 WL 42385, *2 (ED Cal). And a "claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v US*, 523 US 296, 300 (1998), quoting *Thomas v Union Carbide Agricultural Products Co*, 473 US 568, 580–81 (1985).

Petitioner maintains that this action is ripe because he faces a "real and immediate threat of re-detention." Dkt 5 at 3. He contends that this is so because (i) he has "been directed to appear for an ICE check-in on a date certain," and (ii) "ICE possesses—and has increasingly exercised—the authority to revoke orders of supervision and take similarly situated individuals into custody without advance notice." Ibid.

Petitioner acknowledges that he "has not received any written notice, charging document, or formal administrative determination indicating that his Order of Supervision has been or will be revoked." Dkt 1 at ¶30. While Petitioner points to other *habeas* cases arising from revocation of supervision at ICE check-ins, whether Petitioner himself will be detained at his check-in appointment remains speculative. Dkt 5 at 3. Any future detention instead depends on contingent future events within the discretionary enforcement authority of the federal government. Such events may—or may not—occur. That is the very definition of circumstances that lack ripeness for purposes of adjudication in federal court.

The petition for a writ of *habeas corpus* by Mohammad Ali Bagherzadeh Rezaei is DENIED. Dkt 1.

This action is DISMISSED WITHOUT PREJUDICE. For the avoidance of doubt, Petitioner may bring further petition if and when any detention actually occurs.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on February 9, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge